The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEAN MOBILIA,<br><br>    Plaintiff,<br><br>  v.<br><br>SIGNAL PEAK VENTURES, LLC, a foreign corporation,<br><br>    Defendant. | No. C13-936 MJP<br><br>SECOND AMENDED COMPLAINT<br><br>JURY DEMAND |

COMES NOW the Plaintiff, JEAN MOBILIA, by and through her attorneys, Mitchell A. Riese and Cline & Casillas, and complains and alleges as follows:

**I. PARTIES**

1.1 Plaintiff, JEAN MOBILIA, is resident of Bellevue, King County, Washington.

1.2 Defendant Signal Peak Ventures, LLC, ("SIGNAL PEAK" hereinafter) is a Delaware corporation. SIGNAL PEAK was a joint employer of Plaintiff.

**II. JURISDICTION AND VENUE**

2.1 This Complaint arises out of actions that occurred in part in King County, Washington. Jurisdiction and venue are properly located in the above entitled court.

## III. FACTS

3.1     Plaintiff, Jean Mobilia, is a female citizen of the United States.

3.2     Plaintiff was hired by Numira Biosciences, Inc. ("NUMIRA" hereinafter) in March, 2012. Plaintiff was employed by NUMIRA until on or about January 17, 2013.

3.3     Plaintiff was hired to the position of Senior Director, New Business Opportunities and External Communications. Plaintiff was hired by NUMIRA, in large part, due to the vast network of contacts that she had built over the years in the biotechnology and life sciences arena as an independent executive recruiter.

3.4     Within the first weeks of her employment, Plaintiff secured approximately $200,000 in angel financing for NUMIRA, demonstrating the value that her network of contacts was bringing to the company.

3.5     Plaintiff also provided NUMIRA with the database of her industry contacts that Plaintiff had built over more than 20 years. This database alone imparted NUMIRA with an extremely valuable resource.

3.6     From April to October 2012, Plaintiff was paid through wire transfers to her bank account. NUMIRA withheld no taxes, although Plaintiff was told that taxes were being withheld. It was not until October 2012 that NUMIRA placed Plaintiff on its regular payroll system and began to withhold taxes.

3.7     Without warning, on January 17, 2013, Plaintiff was notified that Plaintiff's employment was being terminated effective immediately.

3.8     A substantial factor in NUMIRA's and Defendant SIGNAL PEAK's decision to terminate Plaintiff's employment was discrimination against Plaintiff on the basis of her sex, female.

3.9     Defendant SIGNAL PEAK was acting in the interest of NUMIRA when it ratified the discriminatory termination of Plaintiff's employment.

3.10    Defendant SIGNAL PEAK and NUMIRA were joint employers of Plaintiff.

3.11    NUMIRA failed to report Plaintiff's hours of employment and earnings to the Washington Employment Security Department for the period of time from April to October 2012, thus causing substantial delay in the processing of Plaintiff's application for unemployment compensation benefits and thereby causing Plaintiff additional significant financial hardship.

3.12    Defendant SIGNAL PEAK aided and abetted NUMIRA in unlawfully terminating Plaintiff's employment with NUMIRA.

3.13    Plaintiff has been injured and suffered damages as a proximate result of Defendant SIGNAL PEAK's actions.

### IV. WAIVER OF PHYSICIAN/PATIENT PRIVILEGE

4.1    To the extent required by law, Plaintiff waives the physician/patient privilege.

### V. CAUSES OF ACTION

5.1    Sex Discrimination.

Defendant SIGNAL PEAK's actions constitute discrimination against Plaintiff on the basis of Plaintiff's sex, in violation of RCW 49.60.

5.2    Aiding and Abetting.

Defendant SIGNAL PEAK unlawfully aided and abetted the discriminatory termination of Plaintiff's employment, in violation of RCW 49.60.220.

### VI. PRAYER FOR RELIEF

WHEREFORE, having fully set forth her claims herein, Plaintiff prays for the following relief:

1.    For judgment against Defendant SIGNAL PEAK and an award of damages in an amount to be determined at trial;

2. For Plaintiff's attorney's fees and costs;

3. For such other and further relief as the court deems just and equitable.

### VII.  JURY DEMAND

Plaintiff demands that this matter be tried to a jury.

DATED this 28th day of July, 2015.

        CLINE & CASILLAS

        By: /s/ Mitchell A. Riese
            Mitchell A. Riese, WSBA No. 11947
            Attorneys for Plaintiff Jean Mobilia

**CERTIFICATE OF SERVICE**

I certify that on July 28, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kate Tylee
Davis Wright Tremaine LLP
katetylee@dwt.com

Kathryn L. Rosen
Davis Wright Tremaine LLP
katierosen@dwt.com

I hereby declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 28th of July, 2015, at Seattle, Washington.

CLINE & CASILLAS
Attorneys for Plaintiff

/s/ Mitchell A. Riese
Mitchell A. Riese
Cline & Casillas
2003 Western Ave., Suite 550
Seattle, WA 98121-2141
Telephone: (206) 838-8770
Fax: (206) 838-8775
**E-mail**: mriese@clinelawfirm.com