The Honorable Marsha J. Pechman

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

JEAN MOBILIA,

                        Plaintiff,

    v.

SIGNAL PEAK VENTURES, LLC, a foreign corporation,

                        Defendant.

Case No. C13-936 MJP

DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

**Note on Motion Calendar:
September 4, 2015**

NO ORAL ARGUMENT
REQUESTED

16

17

18

19

20

21

22

23

24

25

26

27

MOTION FOR SUMMARY JUDGMENT
(Case No. C13-936 MJP)
DWT 27454564v2 0102717-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

# **TABLE OF CONTENTS**

I.    INTRODUCTION AND RELIEF REQUESTED ...................................................1

II.    EVIDENCE RELIED UPON ......................................................................................2

III.    UNDISPUTED FACTS...............................................................................................2

    A.    Signal Peak Ventures ....................................................................................2

    B.    Numira Biosciences, Inc...............................................................................3

    C.    Plaintiff Jean Mobilia ...................................................................................4

        1.    Ms. Mobilia's Employment at Numira.............................................4

        2.    Ms. Mobilia is laid off from Numira ................................................5

        3.    Ms. Mobilia Talks to Lisa Dunlea with Signal Peak.................................8

IV.    ARGUMENT AND AUTHORITY ...........................................................................10

    A.    Plaintiff's Sex Discrimination Claim Against Signal Peak Fails as a Matter of Law.......................................................................................................10

        1.    Signal Peak Did Not Employ Plaintiff ...........................................10

        2.    Signal Peak Was Not a Joint Employer of Numira ...............................10

        3.    Signal Peak Is Not an "Employer" Under The WLAD.........................13

        4.    Plaintiff Cannot Make a Prima Facie Case of Sex Discrimination .......14

    B.    Plaintiff's Aiding and Abetting Claim Also Fails as a Matter of Law ...............17

        1.    Plaintiff Cannot Show a Completed Discriminatory Act Because Numira Did Not Discriminate ...............................................................18

        2.    Signal Peak Did Not Act for the Purpose of Assisting in Discrimination ..................................................................................19

V.    CONCLUSION .........................................................................................................20

MOTION FOR SUMMARY JUDGMENT
(Case No. C13-936 MJP) - i
DWT 27454564v2 0102717-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

## <u>TABLE OF AUTHORITIES</u>

2
**Page(s)**

3
**Cases**

4
*Anaya v. Graham*,
   89 Wn. App. 588, 950 P.2d 16 (1998)............................................................13, 14

5

6
*Anderson v. Pacific Maritime Association*,
   336 F.3d 924 (9th Cir. 2003) ...................................................................................10

7
*Anfinson v. FedEx Ground Package System, Inc.*,
   159 Wn. App. 35, 244 P.3d 32 (2010).....................................................................10

8

9
*Aragon v. Republic Silver State Disposal Inc.*,
   292 F.3d 654 (9th Cir. 2002) ...................................................................................17

10

11
*Batacan v. Reliant Pharm., Inc.*,
   228 F. App'x 702 (9th Cir. 2007) ............................................................................16

12
*Becerra v. Expert Janitorial, LLC*,
   176 Wn. App. 694, 309 P.3d 711 (2013)..................................................................11

13

14
*Board v. Children's Hosp. of Los Angeles*,
   97 F.3d 1458 (9th Cir. 1996) ...................................................................................16

15
*Bonnette v. California Health & Welfare Agency*,
   704 F.2d 1465 (9th Cir. 1983) ...........................................................................11, 12

16

17
*Bradley v. Harcourt, Brace and Co.*,
   104 F.3d 267 (1996) .................................................................................................15

18

19
*Coleman v. Quaker Oats. Co.*,
   232 F.3d 1271 (9th Cir. 2000) ............................................................................16, 17

20

21
*Crann v. Carver*,
   2006 WL 3064943 (2006) ........................................................................................18

22
*DeWater v. State*,
   130 Wn.2d 128, 921 P.2d 1059 (1996) ...................................................................10

23

24
*E.E.O.C. v. Pacific Maritime Ass'n*,
   351 F.3d 1270 (2003) ..........................................................................................10, 11

25

26
*Frye v. Robinson Alarm*
   Co., no. 97-0603, 1998 WL 57519, *3 (E.D. Pa., Feb. 11, 1998).........................18

27

MOTION FOR SUMMARY JUDGMENT
(Case No. C13-936 MJP) - ii
DWT 27454564v2 0102717-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

*Garcia v. San Antonio Metro. Transit Auth.,*
    469 U.S. 528, 105 S.Ct. 1005 (1985) ...............................................................11

*Grimwood v. Univ. of Puget Sound,*
    110 Wn.2d 355, 753 P.2d (1988) ...................................................................14

*Hill v. BCTI Income Fund-I,*
    144 Wn.2d 172, 23 P.3d 440 (2001) ...........................................................14, 15

*Hisle v. Todd Pacific Shipyards Corp.,*
    113 Wn. App. 401, 54 P.3d 687 (2002).........................................................10

*Kastanis v. Educational Employees Credit Union,*
    122 Wn.2d 483, 859 P.2d 26 (1993) ..............................................................14

*Kuest v. Regent Assisted Living, Inc.,*
    111 Wn. App. 36, 43 P.3d 23 (2002)..............................................................14

*Lawrence v. Brooks,*
    No. 52743-6-I, 2004 WL 2095643 (Div. I, Sept. 20, 2004) ..........................18

*McBrearty v. Livengood,*
    No 29232-7-II, 2003 WL 21794904 (Div. 2, Aug. 5, 2003) ..........................19

*Miglio v. United Airlines,*
    No. C13-573RAJ, 2014 WL 1089285 (W.D. Wash., March 17, 2014) ...............18

*Newton Ins. Agency & Brokerage, Inc. v. Caledonian Ins. Grp., Inc.,*
    114 Wn. App. 151, 52 P.3d 30 (2002) ...........................................................12

*Nidds v. Schindler Elevator Corp.,*
    113 F.3d 912 (1996) .......................................................................................15

*Petts v. Rockledge Furniture LLC,*
    534 F.3d 715 (7th Cir. 2008) .........................................................................17

*Richards v. City of Seattle,*
    No. C07-1022Z, 2008 WL 2570668 (W.D. Wash., June 26, 2008)....................18

*Rody v. Hollis,*
    81 Wash.2d 88, 500 P.2d 97 (1972) ..............................................................19

*Torres-Lopez v. May,*
    111 F.3d 633 (9th Cir. 1997) .....................................................................11, 12

*Unangst v. Dual Temp Co.,*
    No. 10-6811, 2012 WL 931130 (E.D. Pa., Mar. 19, 2012) .........................18, 19

MOTION FOR SUMMARY JUDGMENT
(Case No. C13-936 MJP) - iii
DWT 27454564v2 0102717-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

*Ware v. Mutual Materials Co.*,
    93 Wn. App. 639, 970 P.2d 332 (1999)............................................................................16

*Washington v. Boeing Co.*,
    105 Wn.App. 1, 19 P.3d 1041 (2000)..................................................................14, 15

*Yousefi v. Delta Electric Motors, Inc.*
    No. C13-1632RSL, 2014 WL 4384068 (W.D. Wash., Sept. 4, 2014) .................................19

*Zheng v. Liberty Apparel Co.*,
    355 F.3d 61 (2d. Cir. 2003) ...............................................................................12

*Zhuang v. Datacard Corp.*,
    414 F.3d 849 (8th Cir. 2005) ..............................................................................17

**Statutes**

ADEA ...............................................................................................................16

Title VII of the Civil Rights Act..............................................................................11

COBRA ...............................................................................................................8

Minimum Wage Act ............................................................................................11

RCW 4.84.185 .....................................................................................................2

RCW 49.46.010(4) ...............................................................................................11

RCW 49.60 .........................................................................................................10

RCW 49.60.040(11)........................................................................................11, 13

RCW 49.60.180 ...................................................................................................10

RCW 49.60.220..............................................................................................17, 18, 19

**Other Authorities**

WAC 162-16-220(16) ...........................................................................................14

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## I.   INTRODUCTION AND RELIEF REQUESTED

Plaintiff Jean Mobilia brought a baseless and frivolous employment discrimination lawsuit against a company that never employed her, defendant, Signal Peak Ventures ("Signal Peak"). Not only did Signal Peak never employ the plaintiff, it is exempt from the Washington Law Against Discrimination ("WLAD"), did not discriminate against plaintiff, and did not ratify or approve of any discriminatory conduct by plaintiff's now bankrupt former employer, Numira Biosciences, Inc. ("Numira.")

Plaintiff alleges she was discriminated against based on her gender by her former employer, Numira, when she was laid off as part of one of two reductions-in-force ("RIF") conducted shortly before Numira went bankrupt in 2013. Ms. Mobilia brought this action against Numira, but Numira was dismissed from this lawsuit after filing for bankruptcy. During the course of the litigation, Ms. Mobilia amended her complaint and added Signal Peak, a venture capital firm that had invested in Numira, as a defendant to the lawsuit. Ms. Mobilia alleges two claims against Signal Peak.

First, Ms. Mobilia alleges that Signal Peak discriminated against her on the basis of sex under the WLAD. Ms. Mobilia's claim of sex discrimination fails because: (1) Signal Peak was not her employer; (2) Signal Peak was not a joint employer with Numira; (3) even if Signal Peak had employed Ms. Mobilia, it is exempt from the WLAD because it employs less than eight employees; (4) Ms. Mobilia has not set forth *any* evidence that Signal Peak discriminated against her; and (5) even if Ms. Mobilia could establish a prima facie case of discrimination against Signal Peak, Numira had a legitimate business necessity for terminating her employment.

Second, Ms. Mobilia claims that Signal Peak is liable for aiding and abetting under the WLAD. Her second claim fails because there was no underlying discriminatory act by Numira.

MOTION FOR SUMMARY JUDGMENT
(Case No. C13-936 MJP) - 1
DWT 27454564v2 0102717-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

A party cannot be liable for aiding and abetting under the WLAD absent a discriminatory act by another actor.  And even if Ms. Mobilia was able to show an underlying discriminatory act by Numira, she has not presented any evidence that Signal Peak aided and abetted in the alleged discrimination.

Ms. Mobilia's lawsuit appears to be based on her belief that certain male employees should have been part of the RIF instead of her.  She admits that Numira had significant financial problems.  She also admits that the RIF was necessary, given Numira's financial state.  Her subjective belief that she was more valuable to Numira than other employees is insufficient to survive summary judgment.

Signal Peak is entitled to summary judgment in this case.  Additionally, Signal Peak respectfully requests that the Court grant it attorney's fees due to the frivolous nature of plaintiff's claims and her continued refusal to dismiss this baseless lawsuit[1].

## II.    EVIDENCE RELIED UPON

Defendant Signal Peak relies upon the declarations of Katharine Tylee ("Tylee Decl."), the Declaration of Lisa Dunlea ("Dunlea Decl."), the Declaration of David Weinstein ("Weinstein Decl."), the Declaration of Travis Heath ("Heath Decl."), and exhibits thereto, along with the pleadings and records on file in this action.

## III.    UNDISPUTED FACTS

### A.    Signal Peak Ventures

Signal Peak is a private equity and venture capital firm specializing in growth equity, seed, and early-stage investments.  Dunlea Decl. at ¶ 5.  Signal Peak is located in Salt Lake City, Utah and focuses on investing in companies in the Rocky Mountain region in information technology and life sciences.  *Id*.  In furtherance of its investment focus, Signal Peak invested in

---

[1] Defendant intends to request attorney's fees pursuant to RCW 4.84.185 following the Court's ruling on its Motion for Summary Judgment.  Pursuant to RCW 4.84.185, a trial court may grant attorney's fees to the prevailing party when the suit is "frivolous and advanced without reasonable cause."  RCW 4.84.185.

MOTION FOR SUMMARY JUDGMENT
(Case No. C13-936 MJP) - 2
DWT 27454564v2 0102717-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

several rounds of financing for Numira from 2007 to 2013 and provided the company with a number of loans in an effort to help Numira get to a point of sustainability, with the ultimate goal of reaching profitability.  *Id.* at ¶ 6.  Due to Numira's bankruptcy in 2013, Signal Peak, as well as all the other shareholders, lost all money invested in Numira.  *Id.*

At all relevant times to this lawsuit, Signal Peak employed less than eight employees. Heath Decl. at ¶ 3.  Additionally, it never employed plaintiff and was unaware of her employment relationship with Numira until after Numira decided to lay her off as part of Numira's first RIF in January 2013.  Dunlea Decl. at ¶ 7.  Signal Peak had no control over any of Numira's employees, and had no ability to hire and fire; supervise; control work schedules or conditions of employment; determine salaries or methods of payment; nor did Signal Peak maintain any personnel records of Numira employees, including Ms. Mobilia.  *Id.*; *see also* Mobilia Dep. at 35:21-22, 41:12-42:1, 57:19-58:19, 67:13-15, 90:12-14, 71:4-5, 77:4-9, 96:25-97:5, 126:1-15, 128:1-8.

Lisa Dunlea, a Venture Partner with Signal Peak, was on Numira's Board of Directors from December 2012 until its bankruptcy.  Dunlea Decl. at ¶ 3.  After Numira laid off Ms. Mobilia, and although she had never met anyone that worked at Signal Peak, she asked Dave Weinstein, Numira's Chief Technology Officer ("CTO") and acting President, to speak with someone from Signal Peak about Numira's decision and her severance.  Weinstein Decl. at ¶ 16. Ms. Dunlea received a few emails from Ms. Mobilia and had one phone conversation with her on February 4, 2013.  Dunlea Decl. at ¶ 10.  Other than that, no one from Signal Peak ever met or spoke with the plaintiff.  *Id.*

### B.  Numira Biosciences, Inc.

Before going bankrupt, Numira was a contract research organization that provided small animal high resolution imaging services for disease research, drug discovery, and preclinical

MOTION FOR SUMMARY JUDGMENT
(Case No. C13-936 MJP) - 3
DWT 27454564v2 0102717-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

studies.  *See* Weinstein Decl. at ¶ 3.  Numira was founded in 2005 and Michael Beeuwsaert served as the CEO from 2005 to January 2013.  *Id*.  During his tenure as Numira's CEO, Mr. Beeuwsaert mismanaged the funds of Numira, lacked transparency, and was unable to sustain profitability margins.  Dunlea Decl. at ¶ 4.  He mismanaged the funds so badly that Numira often lacked sufficient funds to make payroll.  *Id.*  In January 2013, the Numira Board of Directors terminated Mr. Beeuwsaert's employment due to his continued inability to effectively lead Numira, and his complete failure to reach profitability.  *Id.* at ¶ 4.

Following Mr. Beeuwsaert's departure, the Board of Directors worked with Dave Weinstein, Numira's CTO, who moved into the role of President/CTO of Numira starting in January 2013.  Weinstein Decl. at ¶ 2.

### C.      Plaintiff Jean Mobilia

In 1989, Ms. Mobilia started her own consulting company, Mobilia Enterprises.  *See* Tylee Decl., Ex. A, Deposition of Jean Mobilia ("Mobilia Dep.") at 27:19-22.  Ms. Mobilia was self-employed until 2012 when she started working for Numira.  *Id.* at 28:7-12.  Ms. Mobilia signed an offer letter from Numira in March 2012 and worked there for approximately ten months from April 2012-January 2013.  *Id.* at 35:25-36:16; 37:18-38:21, 50:12-51:14, 52:14-18.  She has never been employed by Signal Peak.  *Id.* at 35:21-22.

#### 1.      Ms. Mobilia's Employment at Numira

Ms. Mobilia was a personal acquaintance of Numira's CEO, Mr. Beeuwsaert, and knew him for several years before she came to work for Numira.  *See* Mobilia Dep. at 29:6-30:7.  In 2012, Mr. Beeuwsaert and Ms. Mobilia discussed her joining Numira as the Senior Director of New Business Opportunities and External Communications.  Mobilia Dep. at 48:3-8.  She had no prior experience as a senior director and her job history consisted primarily of self-employment as a recruiter.  *Id.* at 28:7-10.  Ms. Mobilia accepted the Numira job and received an offer letter

MOTION FOR SUMMARY JUDGMENT
(Case No. C13-936 MJP) - 4
DWT 27454564v2 0102717-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

from Mr. Beeuwsaert in March 2012.  *Id.* at 36:13-24.  In her position, Ms.  Mobilia expanded

Numira's social media presence and identified potential business opportunities for Numira.  *Id.*

at 67:18-68:12.  Mr. Beeuwsaert was Ms. Mobilia's supervisor during the course of her

employment at Numira.  *Id.* at 71:4-7.

Ms. Mobilia admits she was an at-will employee with Numira.  *Id.* at 65:15-17.  Before

she was hired, Ms. Mobilia did not meet with the Numira Board of Directors about her hiring nor

did she have any contact with anyone from Signal Peak.  *Id.* at 65:18-20, 48:9-13.  Signal Peak

had no involvement in Ms. Mobilia's hiring at Numira.  *Id.* at 48:14-16.  Ms. Mobilia did not

have any contact with staff or partners that worked for Signal Peak.  *Id.* at 67:9-15.  Ms. Mobilia

did not know Lisa Dunlea and only talked with her after her termination.  Dunlea Decl. at ¶ 7.

As a Numira employee, the terms and conditions of Ms. Mobilia's employment were

governed by the Numira Employee Handbook, not the Signal Peak Employee Handbook.  *Id.* at

41:12-42:1.  Additionally, Ms. Mobilia was supervised by Mr. Beeuwsaert, not by anyone from

Signal Peak.  *Id* at 71:4-7.  She received benefits from Numira, not from Signal Peak.  *Id.* at

58:14-16.

For reasons unknown to Signal Peak, Mr. Beeuwsaert did not add Ms. Mobilia to the

Numira payroll until approximately October 2012.  *Id.* at 54:21-55:2.  Instead, he wire-

transferred money directly to her without the knowledge of Signal Peak.  *Id.* at 38:22-39:6,

52:14-21.  In fact, Signal Peak was not aware that Ms. Mobilia worked for Numira until after

Numira had decided which non-essential employees to include in the January 2013 RIF.  Dunlea

Decl. at ¶ 7.

### 2.     Ms. Mobilia is laid off from Numira

When Ms. Mobilia started at Numira, she was aware of its significant financial problems

and knew that Numira was unable to make payroll on various occasions.  Mobilia Dep. 60:25-

MOTION FOR SUMMARY JUDGMENT
(Case No. C13-936 MJP) - 5
DWT 27454564v2 0102717-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

61:2.  Regardless of that knowledge, Ms. Mobilia convinced four of her personal acquaintances to invest a total of approximately $200,000 in Numira.  *Id.* at 103:4-104:12.

Ms. Mobilia knew that due to Numira's dire financial situation, it needed to implement a RIF in January 2013.  Mobilia Dep. at 129:12-14.  Dr. Weinstein, along with input from Dan Small, Numira's Vice President of Business and Scientific Development, reviewed the list of Numira employees, determined which employees were non-essential, and allocated those employees one week of severance per each year of their employment with Numira.  Weinstein Decl. at ¶¶ 4-5.  In order to reach profitability, Numira needed to make sales; thus, Numira's essential employees were primarily salespeople and employees who were necessary for carrying out customer projects and day-to-day operations.  *Id.* at ¶ 5.

Dr. Weinstein decided which employees to include in the January 2013 RIF from the Salt Lake City office.  *Id.* at ¶ 8.  Dr. Weinstein along with Dr. Small decided which employees, including Ms. Mobilia, to include in the RIF from the Washington State office.  *Id.*  As a venture capital firm, Signal Peak lacked the knowledge and expertise necessary to determine which employees Numira should keep and which should be laid off.  Dunlea Decl. ¶ 8.  At no point in the process was anyone from Signal Peak involved with making layoff or cost-cutting decisions, or providing input to Dr. Weinstein or Dr. Small.  Weinstein Decl. at ¶ 9; Dunlea Decl. at ¶ 8.  No one from Numira asked anyone from Signal Peak for input regarding which individuals to include in the RIF, and no one from Signal Peak reviewed the RIF decisions.  Weinstein Decl. at ¶ 9.  Neither Dr. Weinstein nor Dr. Small were ever employed by or affiliated with Signal Peak.  *Id.*

At the time of the January RIF, Numira employed three executive level employees: Mike Beeuwsaert; David Weinstein; and Dan Small; and employed five senior directors: the plaintiff; Chad Dorton, Senior Director of IT; Yan Liang, Senior Director of Histology; Christine O'Day,

MOTION FOR SUMMARY JUDGMENT
(Case No. C13-936 MJP) - 6
DWT 27454564v2 0102717-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1  Senior Director of Cellular Biology; and Chris Jerome, Senior Director of Bothell Operations.

2  *Id.* at ¶ 6.

3       Numira laid off twelve employees (eight women and four men), including Ms. Mobilia,

4  as part of the January RIF.  *Id.* at ¶ 7.  In March 2013, Numira laid off an additional twelve

5  employees (six women and six men).  *Id.*  After the March RIF, Numira had thirty-four

6  remaining employees (seventeen women and seventeen men).  *Id.*  In regards to the senior

7  directors, Numira laid off Ms. Mobilia as part of the January RIF and laid off Mr. Jerome as part

8  of the March RIF.  *Id.*  After the March RIF, Numira had two female senior directors and one

9  male senior director remaining.  *Id.*

10

11      After Mr. Beeuwsaert's termination, Dr. Weinstein and Ms. Dunlea met with him on

12  January 15, 2013 to discuss next steps and the transfer of responsibilities from Mr. Beeuwsaert to

13  Dr. Weinstein.  *Id.* at ¶ 11.  During the meeting, Dr. Weinstein shared that Numira was going to

14  lay off a number of employees.  *Id.*  Mr. Beeuwsaert asked if he could see the list and

15  Dr. Weinstein shared it with him.  *Id.*  Mr. Beeuwsaert did not object to any of the decisions,

16  including the decision to lay off Ms. Mobilia.  *Id.* at ¶ 12.

17

18      Mr. Beeuwsaert suggested that Numira lay off an additional employee, Neha Shah, who

19  was not on the current RIF list.  *Id.*  Dr. Weinstein was surprised by his suggestion given the

20  essential role that Ms. Shah filled at Numira.  *Id.*  Dr. Weinstein declined to follow his

21  recommendation to terminate her.  *Id.*

22

23      Due to his personal relationships with his daughter and Ms. Mobilia, Mr. Beeuwsaert

24  asked Dr. Weinstein if he could notify them that they were being laid off from Numira.  *Id.* at

25  ¶ 13.  Dr. Weinstein agreed that Mr. Beeuwsaert could notify both his daughter and Ms. Mobilia

26  of their terminations and Mr. Beeuwsaert called Ms. Mobilia.  Weinstein Decl. at ¶¶ 13-14.  Ms.

27  Dunlea was present for the conversation between Mr. Beeuwsaert and Dr. Weinstein and was

MOTION FOR SUMMARY JUDGMENT
(Case No. C13-936 MJP) - 7
DWT 27454564v2 0102717-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    unaware that Ms. Mobilia had been employed by Numira until Mr. Beeuwsaert asked Dr.

2    Weinstein if he could call her about her termination.  Dunlea Decl. at ¶ 7.

3        On January 16, 2013, Mr. Beeuwsaert called Ms. Mobilia to notify her of the RIF.

4    Mobilia Dep. at 80:16-21.  Shortly after, she called Dr. Weinstein to ask for additional

5    information.  *Id.* at 84:23-85:13; Weinstein Decl. at ¶ 15.  Ms. Mobilia claims that

6    Mr. Beeuwsaert failed to tell her she was being laid off during the phone call.  Mobilia

7    Dep. 84:7-17.

8        When Ms. Mobilia called Dr. Weinstein, he learned that Mr. Beeuwsaert did not handle

9    the call with Ms. Mobilia effectively.  Weinstein Decl. at ¶ 15.  Dr. Weinstein was admittedly

10   caught off guard by Ms. Mobilia's tone in the call and told her that Numira laid her off but did

11   not specify that he was the one who had made the decision.  *Id.*  Ms. Mobilia did not allege she

12   believed her termination was discriminatory during the phone call with Dr. Weinstein.  *Id.*

13

14       On January 21, 2013, Numira provided Ms. Mobilia with a letter detailing information

15   about the RIF, including deferred salary payment, COBRA continuation, and other details

16   surrounding the end of her employment.  Mobilia Dep. at 89:10-23.  Additionally, Numira gave

17   Ms. Mobilia a draft severance agreement offering one week of severance based on Ms. Mobilia's

18   employment with Numira of less than one year.  *Id.* at 91:3-21.  Signal Peak was not included as

19   a party in the draft severance agreement.  *Id.* at 91:22-92:2.  Ms. Mobilia admits she did not

20   receive any correspondence from Signal Peak regarding her layoff.  *Id.*

21

22                   **3.    Ms. Mobilia Talks to Lisa Dunlea with Signal Peak**

23       Following her call with Dr. Weinstein, Ms. Mobilia was upset about the amount of

24   severance Numira was offering and asked to speak with someone from Signal Peak.  Weinstein

25   Decl. at 16; Mobilia Dep. at 100:3-9.  At the time, Ms. Mobilia did not know anyone nor had she

26   met anyone that worked for Signal Peak.  Weinstein Decl. at ¶ 16.  Dr. Weinstein contacted Ms.

27

MOTION FOR SUMMARY JUDGMENT
(Case No. C13-936 MJP) - 8
DWT 27454564v2 0102717-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Dunlea who called Ms. Mobilia on February 4, 2013.  Dunlea Decl. at ¶ 9; Weinstein Decl. at ¶ 16.

During the phone conversation with Ms. Dunlea, Ms. Mobilia explained that she believed she added worth to Numira and wanted Numira to reconsider the layoff decision or its offer of severance to her.  Mobilia Dep. at 103:7-21.  Ms. Dunlea explained that Numira was out of money and that the RIF was due to the financial situation of Numira.  *Id.* at 105:4-9. Ms. Mobilia concedes that the RIF was necessary given Numira's dire financial situation. Mobilia Dep. at 129:12-14.

Ms. Mobilia also shared with Ms. Dunlea during the phone call that she had been denied unemployment benefits because she had not worked enough hours for Numira to qualify for benefits.  Dunlea Decl. at ¶ 9.  Ms. Dunlea told her that Mr. Beeuwsaert had told Ms. Dunlea that Ms. Mobilia had only been a Numira employee since October 2012 and that he gave her medical benefits as a favor.  *Id.*

Following the phone conversation, Ms. Mobilia sent Ms. Dunlea an email disputing Mr. Beeuwsaert's statement that she was not a Numira employee until October 2012.  Mobilia Dep. 118:6-10.  She did not allege to Ms. Dunlea at any point in time that she believed she was laid off because she was a woman.  *Id.* at 118:11-14.

Numira was unable to reach profitability and filed for bankruptcy in July 2013, less than six months after Ms. Mobilia, and numerous other employees, were laid off in an attempt to save Numira by eliminating nonessential company positions and cutting expenses.  Ms. Mobilia's lawsuit against Signal Peak is frivolous.  She has presented no evidence sufficient to survive summary judgment.  Signal Peak respectfully asks the Court to dismiss this lawsuit with prejudice and to award it attorney's fees.

MOTION FOR SUMMARY JUDGMENT
(Case No. C13-936 MJP) - 9
DWT 27454564v2 0102717-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

# IV.   ARGUMENT AND AUTHORITY

### A.   Plaintiff's Sex Discrimination Claim Against Signal Peak Fails as a Matter of Law.

Plaintiff's sex discrimination claim fails for five reasons.  First, Signal Peak never employed Ms. Mobilia and cannot be found liable under Chapter 49.60 RCW.  Second, Signal Peak was not a joint employer with Numira.  Third, even if Signal Peak employed Ms. Mobilia, it employs less than eight people and is exempt from the WLAD.  Fourth, Ms. Mobilia cannot establish a prima facie case of discrimination.  And fifth, even if she could establish a prima facie case of discrimination, Numira had a legitimate business reason for terminating Ms. Mobilia's employment.

### 1.   Signal Peak Did Not Employ Plaintiff

In order for Chapter 49.60 RCW, the Washington Law Against Discrimination ("WLAD") to apply, Signal Peak must be an "employer" of Plaintiff.  *See* RCW 49.60.180 (prohibiting "employers" from discriminating on the basis of sex); *see also*, *DeWater v. State*, 130 Wn.2d 128, 138-140, 921 P.2d 1059 (1996) (requiring employment relationship under the WLAD); *Anderson v. Pacific Maritime Association*, 336 F.3d 924, 930 (9th Cir. 2003) (requiring an employment relationship under analogous federal law); *E.E.O.C. v. Pacific Maritime Ass'n*, 351 F.3d 1270, 1274 (2003).  In this case, there is no genuine issue of material fact that Signal Peak did not employ Plaintiff.  ***Plaintiff concedes she was not employed by Signal Peak***. Second Am. Compl., ¶ 3.3; Mobilia Dep. 48:14-15, 58:14-19,67:13-15, 77:4-9, 91:3-4, 91:22-92:2, 126:1-15, 128:1-3.  Plaintiff's sex discrimination claim fails for this reason alone.

### 2.   Signal Peak Was Not a Joint Employer of Numira

Plaintiff contends that Signal Peak can still be held liable as a "joint employer."  *See* Second Am. Compl., ¶ 3.10.  The WLAD does not discuss this concept, and no Washington State case squarely addresses whether joint employers can be held liable under the WLAD.  When faced with statutory uncertainty like this, Washington courts look to decisions interpreting comparable federal statutes as persuasive authority.  *See, e.g.*, *Anfinson v. FedEx Ground Package System, Inc.*, 159 Wn. App. 35, 50, 244 P.3d 32 (2010); *Hisle v. Todd Pacific Shipyards*

MOTION FOR SUMMARY JUDGMENT
(Case No. C13-936 MJP) - 10
DWT 27454564v2 0102717-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

*Corp.*, 113 Wn. App. 401, 422, 54 P.3d 687 (2002).  The Ninth Circuit has held that joint employers can be held liable under Title VII of the Civil Rights Act.  *See, e.g., Pacific Maritime Ass'n*, 351 F.3d at 1275.  If, therefore, the Court adopts a joint employer analysis, it should follow the framework set out by the Ninth Circuit.[2]

Under this test, courts look at "the total employment situation and the economic realities of the work relationship" and focus on four key factors: whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.  *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983) *disapproved of on other grounds by Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528, 105 S.Ct. 1005 (1985).

The Ninth Circuit has also identified several secondary, "non-regulatory" factors that may also be considered in deciding whether a joint employment relationship exists.  The only such factors even marginally pertinent here include:

- o  Whether responsibility under the contracts between a labor contractor and an employer pass from one labor contractor to another without material changes;

- o  Whether the premises and equipment of the employer are used for the work;

- o  Whether the employees had a business organization that could or did shift as a unit from one worksite to another;

- o  Whether there was permanence in the working relationship; and

- o  Whether the service rendered is an integral part of the alleged employer's business.

*Torres-Lopez v. May*, 111 F.3d 633, 640 (9th Cir. 1997) (Aldisert, J., dissenting).

---

[2] Washington State courts have already adopted the Ninth Circuit's joint employer analysis in the context of the Minimum Wage Act ("MWA").  *See Becerra v. Expert Janitorial, LLC*, 176 Wn. App. 694, 309 P.3d 711 (2013). Importantly, the MWA and the WLAD define "employer" in similar terms.  Compare RCW 49.46.010(4) (defining "employer" as "any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee") *with* RCW 49.60.040(11) (defining "employer" as "any person acting in the interest of an employer, directly or indirectly, who employs eight or more persons . . .").

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    These factors are not exhaustive, and summary judgment is available even if the joint

2    employment factors are split between finding and not finding the relationship exists. *Zheng v.*

3    *Liberty Apparel Co.,* 355 F.3d 61, 77 (2d. Cir. 2003) ("[T]he Court need not decide that every

4    factor weighs against joint employment.").  Whether an entity is a joint employer under the

5    relevant factors is a question of law. *Torres-Lopez*, 111 F.3d at 638; *see also Bonnette*, 704 F.2d

6    at 1469.

7    Signal Peak was not a joint employer under the undisputed facts of this case.

8    Ms  Mobilia admits that Numira supervised and controlled her work schedule and conditions of

9    employment; determined her rate and method of payment; and maintained her employment

10   records.  She never visited Signal Peak's offices, never used Signal Peak's equipment, and

11   never performed work integral to Signal Peak's business.  Plaintiff provides no evidence that

12   she performed work for Signal Peak at any time during her employment with Numira or that

13   Signal Peak and Numira had any type of labor contract between them. *See* Mobilia Dep. 48:14-

14   15, 58:14-19, 67:13-15, 77:4-9, 91:3-4, 91:22-92:2, 126:1-15, 128:1-3.

15   The only factor that plaintiff alleges warrants a joint-employer determination is based on

16   her conclusory allegation that Signal Peak terminated her (or acted in Numira's interests when it

17   ratified plaintiff's termination). *See* Second Am. Compl., ¶¶ 3.9-3.10.  Threadbare allegations

18   like these are not sufficient to survive summary judgment. *Newton Ins. Agency & Brokerage,*

19   *Inc. v. Caledonian Ins. Grp., Inc.,* 114 Wn. App. 151, 157, 52 P.3d 30 (2002) (plaintiff "may not

20   rely merely upon allegations or self-serving statements, but must set forth specific facts showing

21   that genuine issues of material fact exist" to survive summary judgment).

22   Furthermore, the evidence and Ms. Mobilia's own admissions refute her claim.  The only

23   connection between Signal Peak and Numira's RIF decision relates to Lisa Dunlea, a venture

24   partner of Signal Peak and member of Numira's Board of Directors.  Ms. Dunlea manages Signal

25   Peak's financial investments in life science companies by, among other activities, serving as a

26   representative on Boards for which Signal Peak is entitled to a Board seat.  Dunlea Decl. at ¶ 3.

27   Ms. Dunlea was not involved in any aspect of Ms. Mobilia's employment or Numira's

MOTION FOR SUMMARY JUDGMENT
(Case No. C13-936 MJP) - 12
DWT 27454564v2 0102717-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

termination of her employment.  *Id.* at ¶ 7.  She received a few emails from Ms. Mobilia and had one phone call with her following the termination of Ms. Mobilia's employment from Numira. *Id.* at ¶ 10.  At no point was Ms. Dunlea involved in evaluating, determining, or selecting which employees would be included in the RIF, and she was not made aware of any decision to terminate employees until after those decisions had been made by Numira.  *Id.* at ¶ 7.

Ms. Mobilia does not and cannot refute this testimony.  In fact, Ms. Mobilia admits that: Numira was her employer (Mobilia Dep. 35:21-22); her employment was governed by Numira's employee handbook and employment policies (*id.* at 42:24-43:1); Signal Peak was not involved in her hiring (*id.* at 48:11-16); Ms. Mobilia has never been to Signal Peak's offices (*id.* at 49:9-12); Ms. Mobilia was on Numira's payroll, not Signal Peak's payroll (*id.* at 52:13-18); Signal Peak did not provide Ms. Mobilia with any employment benefits (*id.* at 58:14-16); Signal Peak did not supervise her employment (*id.* at 67:13-15); Ms. Mobilia was not invited to, nor did she attend, any Signal Peak events (*id.* at 76:1-4); and Ms. Mobilia believed that Numira, not Signal Peak, owed her a severance because Numira was her employer (*id.* at 96:25-97:5).

Plaintiff fails to identify a single factor that favors joint employer status, let alone a sufficient number of them to create an issue of fact for the jury to decide.  Plaintiff's sex discrimination claim fails as a matter of law.

### 3.    Signal Peak Is Not an "Employer" Under The WLAD

Even if this Court held that Signal Peak was Ms. Mobilia's employer, her sex discrimination claim under the WLAD is precluded because Signal Peak is a small employer excluded from the statutory remedy.  The WLAD defines an employer as "any person acting in the interest of an employer, directly or indirectly, who employs ***eight or more persons***." RCW 49.60.040(11) (emphasis added).  Thus, employers of less than eight persons are exempt from private causes of action under the WLAD.  *See Anaya v. Graham*, 89 Wn. App. 588, 591, 950 P.2d 16 (1998).

For purposes of the WLAD, courts apply the "payroll method" to determine whether the employer has an employment relationship with the requisite number of employees.  *Id.* at 593

MOTION FOR SUMMARY JUDGMENT
(Case No. C13-936 MJP) - 13
DWT 27454564v2 0102717-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    (citing *Walters v. Metro. Educ. Enters, Inc.,* 519 U.S. 202, 206-07, 117 S.Ct. 660 (1997)).  Under

2    the payroll method, "[t]he individual's name on the employer's payroll for the period covering

3    the pertinent dates will ordinarily demonstrate an employment relationship, whether or not the

4    person actually performed work on that day." *Id.*

5        At no time between January 1, 2012, and December 15, 2013, did Signal Peak employ

6    more than seven (7) employees.  Heath Decl. at ¶ 3.  On the date Numira terminated plaintiff,

7    January 17, 2013, Signal Peak's staff consisted of five (5) employees and four (4) partners.  *Id.*[3]

8    Accordingly, because Signal Peak is not an employer for purposes of the WLAD, plaintiff's sex

9    discrimination claim is precluded and should be dismissed.

10            **4.     Plaintiff Cannot Make a Prima Facie Case of Sex Discrimination**

11        Even if plaintiff could prove that Signal Peak was her employer, was Numira's joint

12    employer, or was not exempt from the WLAD, which she cannot, her sex discrimination still

13    fails because she cannot make out a prima facie case of discrimination.

14        Absent direct evidence of discrimination, a plaintiff must establish a prima facie case to

15    survive summary judgment.  *See Hill v. BCTI Income Fund-I*, 144 Wn.2d 172, 180, 23 P.3d 440,

16    (2001), *overruled on other grounds by McClarty v. Totem Elec.*, 157 Wn.2d 214, 137 P.3d 844

17    (2006); *Grimwood v. Univ. of Puget Sound*, 110 Wn.2d 355, 363-64, 753 P.2d (1988).  To make

18    a prima facie case of sex discrimination, Ms. Mobilia must show: (1) she belongs to a protected

19    class; (2) her employer treated her less favorably in the terms or conditions of her employment;

20    (3) than a similarly situated, non-protected employee; and (4) who does substantially the same

21    work.  *Washington v. Boeing Co.*, 105 Wn. App. 1, 13, 19 P.3d 1041 (2000); *Kuest v. Regent*

22    *Assisted Living, Inc*., 111 Wn. App. 36, 43 P.3d 23 (2002).

23        If a plaintiff is unable to establish a prima facie case, summary judgment must be entered

24    for the defendant.  *Kastanis v. Educational Employees Credit Union*, 122 Wn.2d 483, 490, 859

25    P.3d 26 (1993).  If a plaintiff succeeds in making a prima facie showing, a "'rebuttable

26    presumption' of discrimination temporarily takes hold and the evidentiary burden shifts to the

27

---

[3] Partners are not counted as employed by the partnership or by each other.  WAC 162-16-220(16).

MOTION FOR SUMMARY JUDGMENT
(Case No. C13-936 MJP) - 14
DWT 27454564v2 0102717-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    defendant to produce admissible evidence of a legitimate, nondiscriminatory explanation" for the

2    adverse employment action. *Hill*, 144 Wn.2d at 181. If the defendant meets this burden, the

3    presumption "drops out of the picture," and the burden shifts back to the plaintiff who must

4    provide "specific" and "substantial" evidence that the reasons asserted by the employer are not

5    true. *Id*. at 182 (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 113 S. Ct. 2742 (1993));

6    *Bradley v. Harcourt, Brace and Co.,* 104 F.3d 267, 270 (1996) (no evidence beyond that

7    produced for the prima facie case); *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 918 (1996)

8    (circumstantial evidence of different explanations given by employer for reasons behind the

9    layoff was insufficient to survive summary judgment). If a plaintiff fails to prove pretext, the

10   defendant is again entitled to summary judgment. *Bradley*, 104 F.3d at 271.

11        Here, Ms. Mobilia's claim fails on the second, third, and fourth prongs. As explained

12   above, Signal Peak was not an "employer" and therefore cannot possibly have treated her less

13   favorably in terms of her conditions of employment than a non-protected employee.

14        But even if Signal Peak was an employer – it was not – Ms. Mobilia still fails to set forth

15   specific and material facts showing that she was treated differently from any alleged comparator.

16   *See Washington v. Boeing,* 105 Wn. App. at 13. Plaintiff bears the burden of proving that the

17   alleged comparator was "similarly situated," meaning that she engaged in "similar conduct," *id.,*

18   which she cannot do. Here, Ms. Mobilia has claimed that she believes Dr. Small, Numira's Vice

19   President of Scientific and Business Development, was a comparator. Ms. Mobilia has not and

20   cannot provide evidence that they were similarly situated. Dr. Small had been with Numira

21   longer than Ms. Mobilia, was in a more senior role as a Vice President, had extensive previous

22   experience in the life sciences industry, and filled a significantly different role at Numira than

23   Ms. Mobilia did during her ten months of employment with Numira.

24        A more appropriate comparator to Ms. Mobilia would be one of the other senior directors

25   at Numira. At the time of the January RIF, Numira employed a total of five senior directors;

26   including Ms. Mobilia. Ms. Mobilia was laid off as part of the January RIF and a male senior

27   director was laid off as part of the March 2013 RIF. Following the two RIFs, Numira still

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

employed two female senior directors and one male senior director and employed equal numbers

of men and women (seventeen women and seventeen men for a total of thirty-four employees).

Dr. Small is not a comparator to Ms. Mobilia and other senior directors are also arguably

not suitable comparators.  Ms. Mobilia did not have any previous experience as a senior director,

never worked as a Vice President, had no previous experience with a life sciences company, and

had been with Numira for less than one year.  She cannot prove that she was treated any

differently than someone similarly situated to her at Numira.

Equally important, Ms. Mobilia fails to rebut the legitimate business reason for her

termination and admits that due to Numira's dire financial situation, it needed to have a reduction

in force in January 2013.  It is uncontested that Numira was insolvent in December 2012.  It is

also uncontested Numira filed for bankruptcy shortly thereafter and terminated nearly half of its

employees in two, sequential RIFs.  An employer does not violate the WLAD when it conducts a

RIF to address difficult economic hardships like these.  *See, e.g.*, *Ware v. Mutual Materials Co.*,

93 Wn. App. 639, 648, 970 P.2d 332 (1999) (granting summary judgment to employer when it

was uncontroverted that plaintiff would have been included in a reduction-in-force caused by

slow down anyway); *Board v. Children's Hosp. of Los Angeles*, 97 F.3d 1458 (9th Cir. 1996)

(defendant provided sufficient evidence of a legitimate reason for termination, economics

necessitated a reduction in force); *Batacan v. Reliant Pharm., Inc.*, 228 F. App'x 702, 704 (9th

Cir. 2007) (not discriminatory to terminate employee as part of company-wide reduction-in-

force).  Ms. Mobilia offers no evidence to the contrary, let alone "specific" and "substantial"

evidence of pretext.  Her claim therefore fails as a matter of law for multiple reasons.

In lawsuits involving RIFs, a plaintiff is not required to show she was replaced.  Rather,

she must show through circumstantial, statistical, or direct evidence that the discharge occurred

under circumstances giving rise to an inference of discrimination.  *Coleman v. Quaker Oats. Co.*,

232 F.3d 1271 (9th Cir. 2000) (applying standard to ADEA claims; holding that RIF is a

legitimate nondiscriminatory reason for laying off an employee).  Here, plaintiff has set forth no

circumstantial, statistical, or direct evidence to survive summary judgment.

MOTION FOR SUMMARY JUDGMENT
(Case No. C13-936 MJP) - 16
DWT 27454564v2 0102717-000001

1    Additionally, no one absorbed Ms. Mobilia's duties after she was laid off.  *Cf. Petts v.*

2    *Rockledge Furniture LLC*, 534 F.3d 715, 725 (7th Cir. 2008) (laid off female employee failed to

3    establish discrimination claim where some of her duties were absorbed by men and some by

4    women).  The retention of Dr. Small, a higher-level executive employee due to his greater

5    experience and relevant knowledge base does not establish pretext.  *Id.*  Here, Ms. Mobilia

6    claims Dr. Small should have been laid off and she should have been retained.  As noted,

7    Dr. Small was in a Vice President role at Numira, had been with Numira longer than

8    Ms. Mobilia, and had more relevant experience in life sciences than Ms. Mobilia.  Ms. Mobilia

9    had no previous experience as a senior director, had spent most of her career as a self-employed

10   recruiter, and had been with Numira for approximately ten months before being laid off.

11    Here, Numira laid off both male and female employees.  *Zhuang v. Datacard Corp.*, 414

12   F.3d 849 (8th Cir. 2005) (female employee terminated in RIF cannot show sex discrimination in

13   part because other men were also let go).  Given Numira's insolvency, it did not have a

14   continuing need for Ms. Mobilia's skill set.  *Cf. Coleman*, 232 F.3d at 1287; *Aragon v. Republic*

15   *Silver State Disposal Inc.*, 292 F.3d 654, 660 (9th Cir. 2002) (plaintiff can establish inference of

16   discrimination by presenting evidence that employer had a continuing need for his skills and

17   services);  In *Aragon*, the court found sufficient evidence to establish a prima facie case but

18   because the employer presented evidence of a good faith legitimate business reason for the layoff

19   (seasonal down turn in business and, separately, poor performance), and plaintiff could not rebut

20   employer's evidence, the plaintiff failed to carry his burden under *McDonnell Douglas*.

21    Here, Ms. Mobilia's sex discrimination claim fails under five separate theories and

22   should be dismissed.

23    **B.    Plaintiff's Aiding and Abetting Claim Also Fails as a Matter of Law**

24    Plaintiff's second cause of action is pleaded in the alternative.  She alleges that if Signal

25   Peak cannot be directly liable as an employer, it can still be liable for aiding and abetting Numira

26   in violation of RCW 49.60.220.  Second Am. Compl., ¶ 17.  Plaintiff's claim is derivative of her

27

MOTION FOR SUMMARY JUDGMENT
(Case No. C13-936 MJP) - 17
DWT 27454564v2 0102717-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

sex discrimination claim, and because she cannot show she suffered any discriminatory

treatment, this claim is also properly dismissed.

**1.      Plaintiff Cannot Show a Completed Discriminatory Act Because Numira Did Not Discriminate**

To establish aiding and abetting under RCW 49.60.220, there must be a principal actor

who completed a discriminatory act.  *See, e.g., Lawrence v. Brooks*, No. 52743-6-I, 2004

WL 2095643, *3 (Div. I, Sept. 20, 2004) (holding that defendant was not liable for aiding and

abetting because principal did not discriminate), citing *Failla v. City of Passaic*, 146 F.3d 149,

159 (3d Cir.1998) ("It is fundamental to aiding and abetting liability that the aider and abettor

acted in relation to a principal" and "[o]nce the [principal] has been found liable, the issue

becomes whether … any employee is liable for aiding and abetting.').  *See also Miglio v. United*

*Airlines*, No. C13-573RAJ, 2014 WL 1089285, *3 (W.D. Wash., March 17, 2014) ("To violate

the statute, a party must participate in a discriminatory activity for the purpose of

discriminating."); *Richards v. City of Seattle*, No. C07-1022Z, 2008 WL 2570668, *11 (W.D.

Wash., June 26, 2008) (dismissing aiding and abetting claim because the court also dismissed the

underlying claims of discrimination under the WLAD).

Other jurisdictions with provisions similar to RCW 49.60.220 also require a completed

act.[4]  *See, e.g., Frye v. Robinson Alarm* Co., no. 97-0603, 1998 WL 57519, *3 (E.D. Pa., Feb. 11,

1998) ("PHRA establishes accomplice liability for individuals who aid and abet a violation of the

statute by their employer"); *Unangst v. Dual Temp Co.*, No. 10-6811, 2012 WL 931130 (E.D.

Pa., Mar. 19, 2012) (entered summary judgment in favor of individual defendants on PHRA

aiding and abetting claim where underlying PHRA claim against employer dismissed).  The

*Unangst* case is illustrative.  There, the plaintiff went out on medical leave and the defendant-

---

[4] There are only 23 Washington cases that cite RCW 49.60.220, and the vast majority of them are unpublished.  Fewer still discuss the provision substantively.  Given the paucity of case law, citation to other jurisdictions with similar provisions is appropriate.  "Given the . . . lack of Washington case law on this question, the Court must use its best judgment to predict how the Washington Supreme Court would rule on this issue." *Crann v. Carver*, 2006 WL 3064943 (2006) citing *Burlington Ins. Co. v. Oceanic Design & Constr.*, 383 F.3d 940, 944 (9th Cir. 2004).  "In making this determination, the Court may look to well-reasoned decisions of courts in other jurisdictions that have confronted analogous situations." *Id.*

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1   employer laid off scores of employees due to economic factors.  When the plaintiff attempted to

2   return to work, he was informed that he had been laid off due to a lack of work.   Plaintiff then

3   brought discrimination claims against his employer and aiding and abetting claims against other

4   employees.  *Id.*  But the court dismissed the claims against the employer because the employer

5   established a legitimate, non-discriminatory reason for terminating the plaintiff, *i.e.* the economic

6   downturn.  *Id.*  The court dismissed the aiding and abetting claims as well, reasoning that the

7   individual defendants cannot be held liable when there is no corresponding violation by an

8   employer to aid and abet.  *Id*. at * 26-27 (citations omitted).

9          This case is indistinguishable from *Unangst*.  As explained above, Numira terminated

10  plaintiff in a company-wide reduction-in-force because it was financially insolvent, could not

11  make payroll, and filed for bankruptcy less than six months after the RIF.  Because Numira acted

12  for a legitimate business reason, there was no wrongdoing for Signal Peak to aid and abet, and

13  plaintiff's claim fails.

## 2.   Signal Peak Did Not Act for the Purpose of Assisting in Discrimination

15         Plaintiff's claim also fails because she cannot provide "substantial proof" that Signal

16  Peak (or anyone else) "engaged in a transaction in which [it] would not otherwise have engaged

17  … for the purpose of assisting … discrimination," *Rody v. Hollis*, 81 Wash.2d 88, 94, 500 P.2d

18  97 (1972).  Knowledge of alleged discrimination is not enough to be found liable for aiding and

19  abetting under RCW 49.60.220.  *Id*.  *See also Yousefi v. Delta Electric Motors, Inc*.  No. C13-

20  1632RSL, 2014 WL 4384068,*3 (W.D. Wash., Sept. 4, 2014).  A plaintiff must provide

21  "substantial proof" that an aider and abetter undertook some act for ***the purpose of assisting in***

22  ***the discrimination***.  *McBrearty v. Livengood*, No 29232-7-II, 2003 WL 21794904, *5 (Div. 2,

23  Aug. 5, 2003).  Absent such proof, the plaintiff's case fails.  Merely alleging that intent to

24  discriminate exists is insufficient to survive summary judgment.  The plaintiff must do more than

25  speculate or make conclusory statements to support this element of her claim.  *Id.*

26

27

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1   Here, Ms. Mobilia presents no evidence to support her assertion that Signal Peak acted

2   for the purpose of discriminating against her.  Indeed, all the evidence exonerates Signal Peak of

3   any wrongdoing.  Numira was insolvent in December 2012.  It often requested additional loans

4   from Signal Peak because Numira's CEO grossly mismanaged company funds and often could

5   not fund payroll for employees.  Numira terminated both male and female employees as part of

6   the two reductions-in-force before the bankruptcy.  Plainly absent from the foregoing is any

7   evidence to support an inference that Signal Peak discriminated against Ms. Mobilia on the basis

8   of her gender.  Plaintiff's claim should be dismissed as a matter of law.

## V.   CONCLUSION

The pleadings, depositions excerpts, answers to interrogatories and exhibits on file herein

show there are no genuine issue of material fact and that Signal Peak is entitled to judgment as a

matter of law on both of plaintiff's claims.  Defendant Signal Peak respectfully request that this

Court grant judgment in its favor, dismiss all of plaintiff's claims against it, and award attorney's

fees and costs to Signal Peak.

DATED this 13th day of August, 2015.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant Signal Peak Ventures,
LLC

By /s/ Katharine Tylee
    Katharine Tylee, WSBA No. 40640
    Davis Wright Tremaine LLP
    777 108th Ave. NE, Suite 2300
    Bellevue, WA  98004
    Telephone: (425) 646-6100
    E-mail: katetylee@dwt.com

By /s/ Kathryn S. Rosen
    Kathryn S. Rosen, WSBA No. 29465
    1201 Third Avenue, Suite 2200
    Seattle, WA  98101-3045
    Telephone: (206) 622-3150
    E-mail: katierosen@dwt.com

MOTION FOR SUMMARY JUDGMENT
(Case No. C13-936 MJP) - 20
DWT 27454564v2 0102717-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

2

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2015, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

below attorney of record for plaintiff.

Mitchell A. Riese
Cline & Casillas
2003 Western Avenue, Ste. 550
Seattle, WA  98121
P: 206-838-8770
F: 206-838-8775
mriese@clinelawfirm.com

DATED this 13th day of August, 2015.

_____
                Victoria White

MOTION FOR SUMMARY JUDGMENT
(Case No. C13-936 MJP) - 21
DWT 27454564v2 0102717-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax