UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEAN MOBILIA,<br><br>    Plaintiff,<br><br>    v.<br><br>SIGNAL PEAK VENTURES, LLC,<br><br>    Defendant. | CASE NO. C13-936 MJP<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment. (Dkt. No. 60.) Having considered the Parties' briefing and all related papers, the Court GRANTS the motion.

**Background**

Plaintiff Jean Mobilia brings suit against Defendant Signal Peak Ventures, LLC ("Signal Peak" or "Defendant"), for employment discrimination on the basis of sex under the Washington Law Against Discrimination ("WLAD"). (Dkt. No. 59.)

Plaintiff was hired by now-bankrupt Numira Biosciences, Inc. ("Numira") in March 2012. (Dkt. No. 67.) Until she was laid off in January 2013, Plaintiff served as Senior Director, New Business Opportunities & External Communications. (Id.)

Defendant Signal Peak is a private equity and venture capital firm based in Salt Lake City, Utah, and was one of Numira's largest investors. (Dkt. No. 62.) Signal Peak provided Numira with a number of loans from 2007 to 2013 in an effort to help Numira achieve sustainability, with the ultimate goal of reaching profitability. (Id.)

Despite the investments, Numira struggled to balance its budget, and never achieved profitability. (Dkt. Nos. 62, 64.) In January 2013, Numira's Board of Directors terminated company founder and Chief Executive Officer Mike Beeuwsaert's employment, allegedly due to, inter alia, his mismanagement of funds, his lack of transparency, and his inability to sustain profitability margins. (Id.) David Weinstein, Numira's Chief Technology Officer, replaced Beeuwsaert and became Acting President of Numira. (Id.)

In addition to terminating Beeuwsaert's employment, Numira attempted to restructure its operations so as to move toward profitability. (Id.) Numira instituted a January 2013 reduction in force, and twelve employees, including Plaintiff, were chosen to be laid off. (Dkt. No. 64.) In March 2013, Numira laid off an additional twelve employees in a second reduction in force. (Id.) In July 2013, Numira filed for Chapter 11 bankruptcy protection. (Dkt. No. 14.) Numira was eventually dissolved by the Bankruptcy Court. (Dkt. No. 36.)

Plaintiff alleges that the decision to include her in the January reduction in force was discrimination the basis of sex because similarly situated male employees were not selected to be laid off. (Dkt. Nos. 59, 66.) Plaintiff initially named as defendants Numira, Signal Peak, and Lisa Dunlea (a partner at Signal Peak and a member of Numira's Board of Directors),

individually. (Dkt. Nos. 1, 47.) Claims against Dunlea, individually, and Numira, a bankrupt entity, were then voluntarily dismissed by Plaintiff. (Dkt. No. 51.) Arguing that Signal Peak is exempt from suit under the WLAD, that Signal Peak was not Plaintiff's employer, and that neither Signal Peak nor Numira discriminated against Plaintiff, Defendant now moves for summary judgment on all of Plaintiff's claims. (Dkt. No. 60.)

## Discussion

I.   Legal Standard

   A.   Summary Judgment

Summary judgment is proper where "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In assessing whether a party has met its burden, the underlying evidence must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

II.   Applicability of the WLAD

The Parties first disagree about whether Signal Peak and Numira were joint employers of Plaintiff, and thus whether a claim for sex discrimination in the decision to terminate Plaintiff's employment can be brought against Signal Peak in its capacity as her employer. (Dkt. Nos. 60 at 15-18, 66 at 15-18.)

The Court finds that Signal Peak was not Plaintiff's employer or joint employer. Even if Signal Peak were Plaintiff's employer, Signal Peak in its capacity as an employer is exempt from suit under the WLAD because of its size. Griffin v. Eller, 130 Wn.2d 58, 61 (1996) ("employers of fewer than eight employees are statutorily exempt" from suit under WLAD); Roberts v.

1  Dudley, 140 Wn.2d 58, 75-76 (2000) ("[T]he narrow definition of "employer" under RCW

2  49.60.040… has the effect of exempting small employers from suits brought under the law

3  against discrimination…").  It is undisputed that at all relevant times, Signal Peak had fewer than

4  eight employees. (Dkt. No. 63.)  Therefore, Signal Peak, in its capacity as an employer, is

5  statutorily exempt from suit under the WLAD.

6        The Parties also disagree about whether a small employer, itself exempt from suit under

7  the WLAD due to its size, can be liable for discrimination where that entity "acts in the interest

8  of" another employer, one large enough to be covered under the WLAD. (Dkt. Nos. 60 at 18-19,

9  66 at 13-15, 70 at 9-11.)

10        In Brown v. Scott Paper Worldwide Co., the Washington Supreme Court found that

11  RCW 49.60.040, by its terms, contemplated individual supervisor liability in addition to

12  employer liability.  143 Wn.2d 349, 358 (2001).  For purposes of employment discrimination

13  liability, RCW 49.60.040 defines "employer" to include "any person acting in the interest of an

14  employer, directly or indirectly, who employs eight or more persons, and does not include any

15  religious or sectarian organization not organized for private profit."  The Brown Court read the

16  phrase "person acting in the interest of an employer, directly" to stand alone, and read the clause

17  "who employs eight or more persons," as referring to the term "employer" and not to the whole

18  phrase.  Brown, 143 Wn.2d at 358.  Under that reading, the Brown Court concluded that a

19  supervisor "acting in the interest of" an employer who employs eight or more people can be held

20  individually liable for his or her discriminatory acts.  Id.  In making this determination, the

21  Brown Court reasoned that "the small business exception represents a legislative decision about

22  the type of work environment reached by the statutory provisions."  Id. at 361.  Thus, under the

23  Washington Supreme Court's interpretation of the statutory language, "employers who employ

24

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT- 4

1  eight or more employees, or persons working in the interests of employers who employ eight or
2  more persons, are subject to suit." Id.

3       Drawing an analogy to the individual supervisor liability contemplated by the Brown
4  Court, Plaintiff argues that an exempt small business such as Signal Peak, a "person" under
5  RCW 49.60.040(19), can be liable for its own discriminatory actions if it is acting "in the interest
6  of" an employer who employs more than eight people, as Numira did here. (Dkt. No. 66 at 13-
7  15.) Defendant argues that such a reading impermissibly broadens the plain meaning of the
8  statute, and is irreconcilable with the legislative intent to exempt small employers from suit
9  under the WLAD. (Dkt. No. 70 at 9-11.)

10       While Plaintiff's theory is not without merit, it does not apply to the facts of this case.
11  Signal Peak, by and through Lisa Dunlea, was not Plaintiff's supervisor. Signal Peak was not an
12  outside company retained by Numira to make employment decisions. Rather, Signal Peak was
13  an investor with a seat on Numira's Board of Directors. Plaintiff has presented neither argument
14  nor evidence to address how the alleged conduct of Numira's Board of Directors, which acts
15  together, could be imputed to Signal Peak as a separate entity, where that separate entity is not
16  the employer and is not an agent of the employer.

17       Furthermore, Plaintiff has introduced no competent evidence that Signal Peak or Dunlea
18  made the decision to lay off any particular Numira employee, and therefore cannot demonstrate
19  that Signal Peak discriminated against Plaintiff by deciding to include her in the first reduction in
20  force. In support of her position that Dunlea, and thus, Signal Peak, made the decision to
21  terminate Plaintiff's employment, Plaintiff has submitted a declaration from former Numira CEO
22  Beeuwsaert and a declaration from Plaintiff. (Dkt. Nos. 67, 68.) In Plaintiff's declaration, she
23  asserts that Acting President Weinstein "told [her]" that Signal Peak was making all of the
24

decisions regarding layoffs at Numira. (Dkt. No. 67 at 7.) Because Plaintiff offers an out of court statement for the truth of the matter asserted, her assertion is hearsay, and is not competent evidence. In his declaration, former CEO Beeuwsaert asserts that he attended a meeting at which he was shown a list of employees slated to be laid off, and that it was "apparent to [him]" that Dunlea "was taking the lead in deciding that [Plaintiff] and the others would be laid off." (Dkt. No. 68 at 1-3.) Beeusweart's conclusory assumption that Dunlea herself made the decision to include Plaintiff in the reduction in force is speculation and is not based on personal knowledge, and is insufficient to create a genuine issue of material fact. See Anheuser-Busch, Inc. v. Natural Beverage Distributors, 69 F.3d 337, 345 (9th Cir. 1995) (". . . conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment.")

Because Plaintiff has failed to articulate a theory under which Signal Peak could be held liable for Numira's employment decisions, and has failed to produce any competent evidence that Signal Peak made the decision to terminate Plaintiff's employment, Defendant's motion for summary judgment is GRANTED.

### III.     No Evidence of Discrimination

The Court grants Defendant's motion for summary judgment for the additional reason that, even assuming Plaintiff can establish a relationship giving rise to employment discrimination liability against Signal Peak, there is no evidence of discrimination in this case. Plaintiff has failed to produce any evidence to rebut Defendant's legitimate non-discriminatory reason for terminating Plaintiff's employment. See Kastanis v. Educ. Employees Credit Union, 122 Wn.2d 483, 491 (1993). Plaintiff does not dispute that Numira was insolvent when Plaintiff was laid off as part of the first reduction in force. Numira instituted a second reduction in force two months after the first, resulting in the termination of nearly half of its total workforce, and

then filed for bankruptcy protection only four months after that.  Nothing in the record indicates that Plaintiff was chosen to be laid off on the basis of sex.  While Plaintiff identifies two male employees she believes should have been included in the first reduction in force instead of her, the two reductions in force did not result in a statistically significant number of women being laid off when compared with the number of men who were laid off, and Plaintiff's subjective belief that one of two male employees should have been laid off during the first reduction in force in her stead is insufficient to survive summary judgment.  See, e.g., Ware v. Mut. Materials Co., 93 Wn. App. 639, 648 (1999).

IV. Aiding and Abetting

The Parties agree that Plaintiff does not have an aiding and abetting claim against Defendant.  (Dkt. Nos. 60 at 22-25, 66 at 1.)  Summary judgment on Plaintiff's aiding and abetting claim is GRANTED.

**Conclusion**

Defendant's motion for summary judgment is GRANTED.  The clerk is ordered to provide copies of this order to all counsel.

Dated this 24th day of September, 2015.

Marsha J. Pechman
Chief United States District Judge

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT- 7